UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN CASH,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>AMCO INSURANCE COMPANY dba ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY AFFILIATED WITH NATIONWIDE INSURANCE; and Does 1-30, Inclusive,<br><br>　　　　　　　　　Defendants. | Case No.: 18-CV-369 JLS (JMA)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**<br><br>(ECF No. 6) |

Presently before the Court is Plaintiff Steven Cash's Motion to Remand, ("MTN," ECF No. 6). Also before the Court is Defendant AMCO Insurance Company's Opposition to the Motion, ("Opp'n," ECF No. 7), and Plaintiff's Reply in Support of the Motion, ("Reply," ECF No. 15). Defendant then requested permission to file a sur-reply. The Court granted the request, and Defendant filed a sur-reply, ("Sur-reply," ECF No. 18). The Court vacated the hearing on this Motion and took the matter under submission without oral argument. (ECF No. 14.) Having considered the Parties' arguments and the law, the Court rules as follows.

## BACKGROUND

Plaintiff filed a state court complaint against AMCO Insurance Company alleging breach of contract. Defendant removed the action to this Court, claiming the Court has

diversity jurisdiction over the case. (ECF No. 1.) In his Motion to Remand, Plaintiff states that his complaint does not raise a federal question, and that this Court should "decline to exercise jurisdiction" over the case because this case relates to one being adjudicated in state court. (MTN 1–2.)[1]

## LEGAL STANDARD

In cases "brought in a State court of which the district courts of the United States have original jurisdiction," defendants may remove the action to federal court. 28 U.S.C. § 1441(a). Section 1441 provides two bases for removal: diversity jurisdiction and subject-matter jurisdiction. Federal courts have diversity jurisdiction "where the amount in controversy" exceeds $75,000, and the parties are of "diverse" state citizenship. 28 U.S.C. § 1332. Federal courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The party invoking the removal statute bears the burden of establishing that federal subject-matter jurisdiction exists. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Moreover, courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988)); and *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "[F]ederal courts are under an independent obligation to examine their own jurisdiction." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990).

## ANALYSIS

Plaintiff does not contest that diversity jurisdiction exists over this case. Plaintiff alleges he is a California resident. (ECF No. 1, at 20.) AMCO is headquartered in Iowa and "has its corporate headquarters and principal office at 1100 Locus Street, Des Moines,

---

[1] Pin citations refer to the CM/ECF page numbers electronically stamped at the top of each page.

Iowa, and all of its directors are located in the State of Ohio." (*Id.* at 3.) Further, Plaintiff seeks damages of $77,000. (*Id.* at 22.) Thus, diversity jurisdiction exists over this matter.

Plaintiff informs the Court of his pending case in California state court, case number 37-2017-00026341-CU-IC-NC. (*Id.*) Plaintiff states the present case and pending state court case are "substantially similar." (Reply 2.) Originally, the named defendant in the state court case was Allied Property Casualty Insurance. On April 20, 2018, counsel for all parties stipulated to adding Defendant AMCO Insurance Company and dismissing Allied Property Casualty Insurance. (*Id.*) The state court case is now brought against AMCO and other defendants. (*Id.*) The causes of action in the state court case and this case are the same. (*Id.*)

Plaintiff asks the Court to decline to exercise jurisdiction over the present case under the *Colorado River* doctrine. (Reply 2.) Under the *Colorado River* doctrine, a federal court may abstain from exercising its jurisdiction in favor of parallel state proceedings where doing so would serve the interests of "[w]ise judicial administration, giving regard to the conservation of judicial resources and comprehensive disposition of litigation." *Colo. River Water Conservation v. United States*, 424 U.S. 800, 817 (1976). In sum, Plaintiff requests the Court remand this case, or, in the alternative, stay the case pending resolution of the state court case. (Reply 2–3.) Defendant objects in various regards.

### A. Procedural Arguments

The Court first addresses Defendant's procedural argument that the Court should ignore Plaintiff's argument under the *Colorado River* doctrine because it was first raised in his Reply brief. Although it is true the argument was not directly raised in Plaintiff's opening Motion, Plaintiff was proceeding pro se at the time he filed his Motion and broadly alleged the Court should abstain from exercising jurisdiction because of another pending matter. Further, the Court allowed Defendant to file a sur-reply and therefore Defendant is not prejudiced by the late-raised argument. Thus, the Court will consider the argument here.

Next, Defendant argues this case cannot be remanded on abstention principles

because it is one for damages. (Sur-reply 6.) Indeed, in *Quackenbush v. Allstate Insurance Co.*, 517 U.S. 706, 721 (1996), the Supreme Court held that while "federal courts may stay actions for damages based on abstention principles, . . . those principles [do not] support the outright dismissal or remand of damages actions." The Court therefore does not consider Plaintiff's request to remand and analyzes the alternative request to stay the case.

### B. Colorado River *Doctrine*

A federal court may decline to exercise its jurisdiction because of parallel state court litigation only in "exceptional circumstances" and "only the clearest of justifications will warrant dismissal." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 14, 16 (1983) (quoting *Colo. River.*, 424 U.S. at 819) (finding there were no exceptional circumstances justifying the district court's stay order). To decide whether a particular case presents the exceptional circumstances that warrant a *Colorado River* stay or dismissal, the district court must carefully consider "both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise." *Colo. River*, 424 U.S. at 818.

> Drawing from *Colorado River, Moses H. Cone* and subsequent Ninth Circuit cases, [the Ninth Circuit has] recognized eight factors for assessing the appropriateness of a *Colorado River* stay or dismissal: (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*R&R Street & Co. Inc. v. Transport Ins. Co.*, 656 F.3d 966, 978–79 (9th Cir. 2011) (citing *Holder v. Holder*, 305 F.3d 854, 870 (9th Cir. 2002)). The Court analyzes these factors.[2]

---

[2] In doing so, the Court rejects Defendant's argument that the Court must look at the facts and Parties of the state court action only <u>at the time the present action was removed</u>. (Sur-reply 5 (citing *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274 (9th Cir. 2017)).) A wealth of cases have determined that "whether remand is proper must be ascertained on the basis of the pleadings at the time of removal." *Broadway*

As was the case in *R&R Street*, the first two factors "are irrelevant in this case because the dispute does not involve a specific piece of property, and both the federal and state forums are located in [San Diego]." 656 F.3d at 979.

### 1. Piecemeal Litigation

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Am. Int'l Underwriters, (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988). "The mere possibility of piecemeal litigation does not constitute an exceptional circumstance." *R&R Street*, 656 F.3d at 979 (citing *Travelers*, 914 F.2d at 1369). "Instead, the case must raise a 'special concern about piecemeal litigation,' which can be remedied by staying or dismissing the federal proceeding. *Id.* (quoting *Travelers*, 914 F.2d at 1369).

Of course, any case where the *Colorado River* doctrine is being considered will predictably involve possible "conflicting results, piecemeal litigation, and some duplication of judicial efforts," which are the "unavoidable price of preserving access to . . . federal relief." *Neuchatel Swiss Gen. Ins. Co. v. Lufthansa Airlines*, 925 F.2d 1193, 1195 (9th Cir. 1991) (ellipses in original) (internal quotation marks omitted). "Instead, there must be exceptional circumstances present that demonstrate that piecemeal litigation would be particularly problematic." *Seneca Ins. Co. v. Strange Land, Inc.*, 862 F.3d 835, 842–43 (9th Cir. 2017).

Here, Plaintiff broadly alleges that it would be a waste of resources "to litigate similar issues that are already being litigated in California state court" and "detrimental to both parties to litigate certain issues" in both cases. (Reply 4–5.) This is true in any situation with duplicative cases and Plaintiff has not presented any "exceptional circumstances" that would make the present situation "particularly problematic." *Seneca Ins. Co.*, 862 F.3d at 842–43. This factor weighs in favor of the Court exercising its

---

*Grill*, 856 F.3d at 1277. But, the Court is not analyzing a request to remand, but rather a request to stay, and therefore the cases are not applicable. The Court considers the parallel proceedings as they exist now.

jurisdiction over this matter.

   *2. The Order in Which the Forums Obtained Jurisdiction*

On July 19, 2017, Plaintiff filed the state court action. On January 16, 2018, Plaintiff filed the present action, and served AMCO the next day. On April 20, 2018, AMCO was added to the state court case, and AMCO was served soon afterwards.

Defendant focuses on the dates of service, arguing that Plaintiff served it with the present action before serving with the state court case, and therefore this case has priority. (Sur-reply 8.) However, the focus under this factor is when the forum "obtained jurisdiction," which implies the date of filing is important. Further, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone*, 460 U.S. at 21.

In terms of progress of the state court case, Plaintiff states "the parties have already undergone written discovery and a site inspection in the California state court case." (Reply 5.) Defendant counters that this written discovery involved only Allied, not AMCO. (Sur-reply 8.) Defendant also states that no depositions have taken place, and no dispositive motions involving AMCO have been decided by the court. (*Id.* at 9.) Defendant cites to *Seneca*, where the court concluded that although there "was significant activity in each case, . . . neither court had resolved any foundational legal claims. As a result, we agree with the district court's conclusion that the cases had progressed equivalent amounts, such that this factor does not weigh in favor of abstention." 862 F.3d at 843.

Here, neither party states that any fundamental legal claims have been determined in the state court case. And, the fact that discovery has occurred between Plaintiff and another defendant does not mean that significant activity has occurred there. The present case has only been active for approximately five months, and the present order is the first substantive order on the docket. Thus, this factor weighs in favor of the Court exercising its jurisdiction over this matter.

   *3. Applicable Law*

This case involves the application of California law. While "the presence of federal-

law issues must always be a major consideration weighing against surrender [of jurisdiction]," the "presence of state-law issues may weigh in favor of that surrender" only "in some rare circumstances." *Moses H. Cone*, 460 U.S. at 26. This case involves a breach of contract issue, a "routine issue[] of state law . . . which the district court is fully capable of deciding." *Travelers*, 914 F.2d at 1370. Therefore, this factor does not weigh against the Court's exercise of jurisdiction.

### 4. Adequacy of State Court

"A district court may not stay or dismiss the federal proceeding if the state proceeding cannot adequately protect the rights of the federal litigants. For example, if there is a possibility that the parties will not be able to raise their claims in the state proceeding, a stay or dismissal is inappropriate." *R&R Street*, 656 F.3d at 981.

Here, both Parties agree the state court could adequately protect the rights of the Parties. This factor weighs in favor of the Court declining to exercise its jurisdiction. "Like source of law, however, this factor 'is more important when it weighs in favor of federal jurisdiction.'" *Id.* (quoting *Travelers*, 914 F.2d at 1370).

### 5. Forum Shopping

The Ninth Circuit has affirmed a *Colorado River* stay or dismissal when it was readily apparent that the federal plaintiff was engaged in forum shopping. *See Nakash v. Marciano*, 882 F.2d 1411, 1417 (9th Cir. 1989) (noting plaintiff brought claims in federal court after three and a half years of litigating in state court); *Am. Int'l Underwriters*, 843 F.2d at 1255–56 (finding that after filing in state court, plaintiff brought suit in federal court to avoid the state court's unfavorable evidentiary rules).

Here, Plaintiff first filed the state court action, then filed the second action also in state court, which Defendant removed to this Court. Therefore, there is no evidence that Plaintiff was forum shopping because he did not file in two different forums. Thus, this factor weighs against the Court exercising its jurisdiction over this matter.

### 6. Parallel Suits

The final factor "is whether the state court proceeding sufficiently parallels the

federal proceeding." *R&R Street*, 656 F.3d at 982. "[E]xact parallelism," is not required; the two actions must be "substantially similar." *Nakash*, 882 F.2d at 1416. "[T]he existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes" a *Colorado River* stay or dismissal. *Smith*, 418 F.3d at 1033 (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993)).

Plaintiff asserts the state court case "would be an adequate vehicle to resolve" the present case, and that "[t]here are no issues before the Federal court that cannot be resolved by the California state court." (Reply 15.) Defendant responds that this does not constitute exceptional circumstances. (Sur-reply 10.) The Parties and causes of action are the same in both cases, thus, the two are substantially similar and there is no indication the state court proceeding would not resolve all issues.

In sum, the factors do not weigh heavily to support either side. Therefore, the facts here do not present "exceptional circumstances" or "the clearest of justifications" that would warrant the Court staying this case for the pendency of the state court case. The Court also has subject matter jurisdiction over this case. The Court **DENIES** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

Dated: July 17, 2018

Hon. Janis L. Sammartino
United States District Judge